IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| VINCENT EDWARD LILLY, § <br> TDCJ No. 00467486, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § § | Civil Action No. 7:17-cv-00095-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Vincent Edward Lilly pursuant to 28 U.S.C. § 2254. ECF No. 1. After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DISMISS the Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice as time-barred.

**I.  Background**

This case involves a Petition for Writ of Habeas Corpus filed by Vincent Edward Lilly ("Petitioner"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. Petitioner seeks to challenge the validity of his state conviction of sexual assault of a child. *Id.* at 2. Petitioner seeks federal habeas relief based on actual innocence, ineffective assistance of counsel, due process violation, and lack of notice of jury note. *Id.* at 4-8.

Petitioner was convicted on November 4, 1987. *Id.* at 2. Petitioner filed a direct appeal, which was affirmed on August 18, 1988. *Id.* at 3. Petitioner did not file a petition for discretionary review. *See id.* On February 1, 2013, Petitioner filed a state habeas application. *Id.* The application was denied on February 7, 2017. *Id.* Petitioner filed the instant petition on July 3, 2017.[1]

## II.   Legal Standard and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition).

Petitioner was convicted on November 4, 1987. ECF No. 1 at 2. Because his conviction became final before the enactment of AEDPA, Petitioner had one year following the effective date of the act in which to file a federal petition for a writ of habeas corpus. *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998); *Williams v. Cain*, 217 F.3d 303, 304 n. 1 (5th Cir. 2000). Therefore, in the absence of tolling, Petitioner must have filed a federal petition on or before April 24, 1997. *Flanagan*, 154 F.3d at 202. Petitioner did not file his state habeas application until February 1, 2013, 16 years after the expiration of his one-year federal filing period. ECF No. 1 at 3. A state habeas application filed after the expiration of the federal statute of limitations does not operate to revive the limitation period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Petitioner is not entitled to statutory tolling of the limitations period. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and he has not shown any undiscovered factual predicate underlying his grounds for relief. Although Petitioner argues that he did not learn of the factual predicate of his claims until 2012, when he allegedly discovered that the rape kit in his case was destroyed prior to his trial, he asserts claims based on his allegations that he was prevented from using the rape kit to demonstrate his innocence at his trial in 1987 and that his trial counsel was ineffective. ECF No. 1 at 7, 9; ECF No. 2 at 4; ECF No. 5. The "discovery" of the alleged destruction of the rape kit 25 years after his conviction, and 15 years after the expiration of the federal statute of limitations, does not demonstrate that Petitioner is entitled to any right to statutory tolling.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit

precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack

4

of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the instant case, Petitioner meets neither part of the test for equitable tolling. He has not demonstrated the exercise of diligence in pursuing his remedies and he has not shown extraordinary circumstances that could excuse his failure to pursue his remedies in a timely manner. *See Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (declining to extend equitable tolling where tolling argument did not explain prisoner's 11-month delay in seeking state post-conviction relief); *Byrd v. Thaler*, No. 4:10-CV-715-A, 2011 WL 208402, at *5 (N.D. Tex. Jan. 24, 2011) (finding federal petition time-barred where, even assuming state court error, petitioner waited almost five months to file (prematurely) a federal petition, and almost 11 months to file a state habeas application). Accordingly, this case is subject to dismissal as barred by the statute of limitations.

### III.  Conclusion

Because Petitioner has not shown that he is entitled to equitable tolling of his time-barred habeas petition, the undersigned RECOMMENDS that the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED with prejudice as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed July 12, 2017.

                                            Hal R. Ray, Jr.
                                            UNITED STATES MAGISTRATE JUDGE